IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MESHA YANCY**                                                                                       **PLAINTIFF**

VS.                               No. 4:22-cv-00088 PSH

**KILOLO KIJAKAZI, Acting Commissioner,**
   **Social Security Administration**                                                    **DEFENDANT**

### ORDER

Plaintiff Mesha Yancy ("Yancy"), appeals the final decision of the Commissioner of the Social Security Administration (defendant "Kijakazi") to deny her claim for Disability Insurance benefits ("DIB"). Yancy contends the Administrative Law Judge ("ALJ") erred in numerous ways. The Court finds merit in her argument that the ALJ erred in discounting the opinion of treating cardiologist Dr. Morris E. Kelley ("Kelley"), and orders that it be remanded for further proceedings.

*Kelley's Treatment and Opinion*

Kelley treated Yancy for heart disease beginning in 2017, well before the alleged onset date of June 12, 2018. In January of 2018, Kelley performed a heart catheterization and placed a stent. Yancy followed up with Kelley in December 2018,

June and October 2019, and June and October 2020.

In a cardiac assessment form dated June 28, 2020, Kelley noted that Yancy experienced substernal chest tightness related to exertion. He indicated that walking thirty minutes would cause the pain, which could be relieved in five minutes if nitroglycerin were taken. Kelley also noted the presence of congestive heart failure, and that walking thirty minutes would cause Yancy dyspnea, or shortness of breath. (Tr. 1385-1386).

*Applicable Regulations*

The regulations governing the consideration of the medical opinions were revised for claims filed on or after March 27, 2017. Yancy filed her claim on February 26, 2020. The revised regulations eliminated the "long-standing 'treating physician' rule." *See Fatuma A. v. Saul*, 2021 WL 616522, 5 (D. Minn. 2021), report and recommendation adopted, 2021 WL 615414 (D. Minn. 2021). The regulations now require the following:

> ... Under the new regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from treating physicians. 20 C.F.R. 404.1520c(a). Instead, ALJs will determine the persuasiveness of each medical source or prior administrative medical findings based on supportability; consistency; relationship with the claimant; specialization; and any other factor that tends to support or contradict a medical opinion. 20 C.F.R. 404.1520c(a), (c). ALJs are required to "explain" their decisions as to the two most important factors—supportability and consistency. 20 C.F.R. 404.1520c(b)(2). The

> "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" a medical opinion is with evidence from other medical and non-medical sources, the more persuasive the opinion should be. 20 C.F.R. 404.1520c(c)(1)-(2).
>
> The new articulation requirements are meant to "provide individuals with a better understanding of [the Commissioner's] determinations and decisions" and "provide sufficient rationale for a reviewing adjudicator or court." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017). ...

See *Phillips v. Saul*, 2020 WL 3451519, 2 (E.D. Ark. 2020) (Deere, MJ).

The current regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion.[1] The ALJ's analysis of Kelley's report, quoted below, falls short of what is required:

> The undersigned notes that the claimant's treating physician, Morris E. Kelley, M.D., provided a cardiac and chest pain questionnaire. While the claimant's alleged cardiac symptoms were discussed, including a note that walking 30 minutes causes pain and dyspnea, no functional limitations were proposed. Accordingly, this opinion is not persuasive.

(Tr. 24).

Rather than a discussion of supportability and consistency, the ALJ reasoned the opinion was not persuasive because "no functional limitations were proposed."

---

[1] In *Morton v. Saul*, 2021 WL 307552, 7 (E.D. Mo. 2021), a district court judge observed with respect to the supportability factor, "an opinion is more persuasive if it presents more relevant objective medical evidence and explanatory rationale in support of the opinion." With respect to the consistency factor, he noted that "[s]tated more simply, an opinion is more persuasive if it is more consistent with the overall evidence as whole." *See Id.*

*Id.* While the absence of functional limitations might be relevant[2] under the regulations "as any other factor that tends to support or contradict a medical opinion," it is error to discuss this optional factor and neglect the two factors, supportability and consistency, which *must* be addressed under the regulations. 20 C.F.R. 404.1520c(a), (c).

Kijakazi addressed Yancy's argument regarding the ALJ's consideration of Kelley's opinion:

> The ALJ properly found that a June 2020 cardiac and chest pain questionnaire from her cardiologist, Morris E. Kelley, M.D. was not persuasive. The ALJ considered Dr. Kelley's statement that walking 30 minutes caused chest tightness and shortness of breath, which was relieved in five minutes with nitroglycerin. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014). Dr. Kelley did not opine as to any functional limitations and thus, Plaintiff has filed to show error regarding Dr. Kelley's opinion. (Transcript citations omitted).

Docket entry no. 11, pages 13-14.

The ALJ did not analyze the consistency and supportability of Kelley's opinion. It is apparent that the ALJ deemed Kelley's response to the questionnaire to be a

---

[2] The ALJ flatly states "no functional limitations were proposed." (Tr. 24). That statement is debatable – limiting Yancy to thirty minutes of walking prior to the onset of pain and dyspnea is arguably a functional limitation. In her brief, Kijakazi reiterates Kelley's failure to opine as to any functional limitations, but provides no citation for the proposition that this omission, without analysis of the factors set forth in the regulations, is a basis for deeming the opinion unpersuasive.

medical opinion, not a mere treatment note comment because he wrote "this *opinion* is not persuasive." (Tr. 24). Kijakazi's citation to the *Bernard* case does not excuse the ALJ from his duty to comply with the regulations.[3]

As Magistrate Judge Deere observed in *Phillips v. Saul*, the new articulation requirements are designed to provide individuals with a better understanding of the Commissioner's determinations and provide sufficient rationale for a reviewing adjudicator or court. This purpose is frustrated when the ALJ fails to explain, with some specificity, why Kelley's opinion was not supported by relevant objective medical evidence and explanatory rationale, and why the opinion was or was not consistent with the medical evidence as a whole.

*Conclusion*

Based on the foregoing, a remand is necessary for reconsideration of Kelley's opinions utilizing the appropriate regulations. If the ALJ finds Kelley's opinion unpersuasive, the ALJ shall explain why, fully addressing the supportability and consistency factors, as well as any other relevant factors.

The Commissioner's final decision is reversed, and the case is remanded. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan*

---

[3] Unlike how he treated Kelley's opinion, the ALJ addressed consistency and supportability when evaluating the opinion of Dr. Nosheen Mian, another treating physician.

*v. Sullivan*, 501 U.S. 89 (1991).

    IT IS SO ORDERED this 25th day of August, 2022.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE